IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MURPHY A. JUNAID,<br>　　　　Plaintiff,<br><br>v.<br><br>John McHugh, Secretary,<br>DEPARTMENT OF THE ARMY,<br>　　　　Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO.<br>§        C-11-226<br>§<br>§<br>§<br>§ |

## AMENDED COMPLAINT

Plaintiff by his attorneys, Gaul and Dumont, complaining of Defendant, John McHugh, Secretary, Department of the Army, alleges:

### JURISDICTION AND VENUE

(1)　This action is brought to remedy discrimination on the basis of race/color (black) and national origin (African American), in the terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

This is also an action for retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

(2)　Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g), 42 U.S.C. §1981, and 42 U.S.C. §1981a.

(3)　On or about, July 6, 2009 and December 28, 2009, Plaintiff Murphy A. Junaid, a resident of the State of Texas, commenced complaints of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of race/color and national origin discrimination and retaliation alleged herein.

(4)     On or about July 8, 2011, the EEOC Office of Federal Operations issued a Decision in the first EEOC complaint. Plaintiff files this Amended Complaint within 90 days of receipt of the Decision.

More than 180 days after Plaintiff requested a hearing in the second EEOC complaint, there had been no final adjudication by the Administrative Judge. Therefore, Plaintiff filed the original Complaint in Federal Court.

(5)     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)     As the unlawful employment practices complained of herein occurred within the Southern District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)     Plaintiff was employed by Defendant beginning November 5, 2001, as an Industrial Engineering Economist/Project Engineer at the Corpus Christi Army Depot, Corpus Christi, Texas.

(8)     Defendant is an employer as defined by Title VII.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9)     Defendant retaliated and discriminated against Plaintiff, creating a hostile work environment for Plaintiff.

The following are some of the incidents of discrimination and retaliation, which contributed to the hostile work environment:

(10)    On or about March 26, 2009, Judith Ballard (white Administrative Support Assistant) and Gary Hogg (white contractor) asked permission from the white office mate of Junaid to put contractor filing cabinets in the office he shared with Junaid. Ballard and Hogg did not request

permission from Junaid (black).  Junaid objected to the filing cabinets being in his office and moved them out.  Although Ballard had no supervisory authority over Junaid, she ordered Junaid to leave the filing cabinets in his office.  She attempted to come into Junaid's office and Junaid shut the door.  Hogg falsely claimed Junaid hit Ballard with the door, which was not supported by Ballard.  Ballard reported the incident to Security, beginning a pattern of involving Security in matters with Plaintiff.

(11)     On or about June 5, 2009, as a result of the filing cabinet incident, Ron Howe (white) prepared a Proposed 14-day Suspension of Junaid for (1) Creating a Disturbance and (2) Discourtesy.  Howe had Security at the meeting where Howe gave Junaid the proposal letter.

(12)     On or about July 1, 2009, Hogg was selected over Plaintiff for a supervisory position, even though Plaintiff was clearly more qualified than Hogg for the position.

(13)     Junaid received documents from Personnel which Defendant claimed supported the proposed suspension, some of which came from Security.  Security failed to redact the documents before giving them to Personnel and Personnel failed to redact the documents before giving them to Junaid, to use in the preparation of his response to the proposed suspension.

On or about July 6, 2009, Junaid sent the documents he received from Personnel to his witnesses, as part of gathering their statements to support his response to the proposed suspension.

Ballard accused Junaid of releasing her personal information in the July 6, 2009 email he sent to his witnesses to obtain statements in support of his response to the suspension action.

The documents also contain personal information regarding Junaid, which has not been redacted and has now been circulated.

The documents were sent from Security to Personnel to Junaid to witnesses to Ballard to an attorney for Defendant to a paralegal for Defendant without any redaction.  However, only Junaid (black) was accused of wrongdoing.  None of the white employees involved in the distribution of

these documents were accused of improperly releasing private information.

(14) On or about July 24, 2009, Kresten Cook (white) issued a decision to suspend Junaid for 5 days.

(15) On or about August 6, 2009, Ballard once again overstepped her authority as an Administrative Support Assistant. She deviated from the standard practice in the Division and requested Howe facilitate the Home Team Meeting, a standard practice about which Howe was also familiar. Junaid was the designated facilitator pursuant to the written Division rotation list and as such requested to know why Howe was at the meeting. Howe would not tell Junaid who sent Howe to the meeting. Junaid requested assistance from Security to handle the matter. Ballard also intended to call Security. However, only Junaid was criticized for involving Security in this incident.

(16) On or about September 23, 2009, as a result of the Home Team Meeting incident, Hogg issued a Proposed 30-day Suspension of Junaid for (1) Creating a Disturbance and (2) Insubordination.

Hogg claimed Howe was directed by Cook to attend the Home Team Meeting. Ballard said she invited Howe. Howe claimed he went to the meeting because he had information. Cook told Security it was acceptable for Howe to be at the meeting, but did not state he sent Howe to the meeting.

(17) On or about December 9, 2009, Cook issued a decision to suspend Junaid for 14 days. According to the human resources specialist, Cook agreed to have Security at the meeting where Cook gave Junaid the decision letter. Cook claimed he was surprised Security was present when he delivered his decision.

Only Junaid was punished for what occurred at the meeting. No disciplinary action was issued to Ballard (white) for interfering in matters which were not within her authority or for not

respecting Junaid's authority over the meeting when she left without permission and slammed the door. No disciplinary action was issued to Howe (white) for not respecting Junaid's authority over the meeting, when Junaid sought information from Howe and asked him to leave.

## FIRST CAUSE OF ACTION

(18) Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race/color (black) and national origin (African American), in violation of Title VII and 42 U.S.C. §1981.

(19) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(20) Defendant has retaliated against Plaintiff in the terms and conditions of his employment in violation of Title VII.

(21) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(22) WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a) Declaring the acts and practices complained of herein are in violation of Title VII and 42 U.S.C. §1981;

(b) Enjoining and permanently restraining these violations of Title VII and 42 U.S.C. §1981;

(c) Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory/retaliatory treatment of

  him, and make him whole for all earnings he would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding Plaintiff compensatory damages;

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g) Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(23) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

         Respectfully submitted,

         LAW OFFICES OF
         GAUL AND DUMONT
         924 Camaron Street
         San Antonio, Texas 78212
         (210) 225-0685
         (210) 320-3445 - Fax


       By: ***s/ Malinda A. Gaul***
         MALINDA A. GAUL
         State Bar #08239800
         Attorney for Plaintiff