UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MURPHY A JUNAID, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-226 |
| | § | |
| JOHN MCHUGH, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (D.E. 29). Defendant, John McHugh, Secretary of the Army, seeks judgment that Plaintiff Murphy A. Junaid take nothing on his Title VII complaints for discrimination, retaliation, and a hostile work environment based on his race and national origin. For the reasons set forth below, the Motion is DENIED.

This Court has jurisdiction pursuant to 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and 28 U.S.C. § 1331. Venue is appropriate under 28 U.S.C. § 1391(b).

Junaid is an industrial engineer who worked at the Corpus Christi Army Depot (CCAD) from 2001 to 2011. At issue are four phases of alleged discriminatory or retaliative conduct, all related to Junaid's allegations of a hostile work environment at CCAD and all of which resulted in his removal from CCAD employment.

- First is a dispute over the placement of contractor filing cabinets in Junaid's office, which he shared with another engineer. This dispute ended in a five-day suspension of Junaid. The evidence, which may be

considered in the context of the hostile work environment claim, raises fact questions regarding who made the decision and the manner in which the decision was made and executed and whether it was appropriate pursuant to government policy intended to keep government workers and their work spaces separated from that of contractors. There are also questions of fact regarding disparate treatment.

- Second is a dispute regarding the method in which Junaid presided at a home team meeting, resulting in a fourteen-day suspension. The evidence raises fact questions regarding the manner in which facilitators are chosen to lead the meetings and the reason for Ron Howe's attendance and his communications with Junaid. There are also fact questions regarding disparate treatment.

- Third is CCAD's choice to hire contractor, Gary Hogg, into the position of supervisor over Junaid rather than promoting Junaid. There are questions of fact as to whether Junaid was a clearly more qualified candidate.

- Fourth is CCAD's decision to remove Junaid from federal service. There are questions whether the incident used to justify removal was accurate or contrived. To the extent that the decision was based on the earlier suspensions, the questions of fact relating to those incidents also relate to the removal decision.

These disputed issues further implicate fact questions regarding whether CCAD's reasons for its actions were pretextual.

Because there is compelling evidence on both sides of this dispute, the parties are entitled to a jury trial. Defendant's Motion for Summary Judgment is **DENIED**.

ORDERED this 29th day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE