IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MURPHY A. JUNAID, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 2:11-CV-226 |
| JOHN MCHUGH, Secretary, Department of the Army, | § § § § | |
| Defendant. | § § § | |

### DEFENDANT'S MOTION IN LIMINE

Defendant respectfully requests that, before the commencement of trial, the Court enter the attached Order restraining Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from making arguments or statements before the jury panel or the jury about the matters set forth in the accompanying proposed Order. In further support of this motion, Defendant would show the Court the following:

**1.     Other alleged acts of discrimination, harassment, or retaliation**

Defendant requests that the Court order all parties, attorneys, and witnesses to refrain from any argument or testimony regarding acts of discrimination, harassment or retaliation against individuals other than Plaintiff. Defendant makes this request because Plaintiff has identified Corpus Christ Army Depot employee Hamilton Pabon as a witness who will purportedly testify regarding "his EEOC complaint against Gary Hogg for fabricating allegations against Mr. Pabon." *See* Plaintiff's Witness List, Doc. No. 40-2. Mr. Pabon's EEO complaint against the Army was resolved through a no-fault negotiated settlement agreement which was executed on April 13, 2011. Another witness identified by Plaintiff, Mr. Cooper, also has filed

1

EEO complaints against Defendant, which are either pending or have been dismissed. As discussed below, Plaintiff's witnesses should not be allowed to testify about, or refer to, their EEO complaints.

The issue in this case is whether Defendant discriminated and/or retaliated against Plaintiff. Allegations of discrimination, harassment, or retaliation against other persons, such as Mr. Pabon, are irrelevant to Plaintiff's claims, would confuse the jury, would cause undue delay, and would subject Defendant to unfair prejudice. The cumulative nature of "other acts" evidence, and its tendency to confuse the jury, weighs in favor of its exclusion. Fed. R. Evid. 402, 403; *see also Wyvill v. United Cos. Life Ins. Co.,* 212 F.3d 296, 303-04 (5th Cir. 2000) (anecdotal testimony of witnesses regarding their "own, entirely unrelated" contention of discrimination at the hands of the defendant "would have been relevant if they had been plaintiffs," but because they were not, the district court abused its discretion in admitting the testimony); *Goff v. Continental Oil Co.,* 678 F.2d 593, 596-97 (5th Cir. 1982) (affirming exclusion of testimony of former employees who claimed that the defendant discriminated against them, explaining that such evidence was not related to the issue of whether the defendant had discriminated against the plaintiff), overruled on other grounds, *Carter v. South Cent. Bell*, 912 F.2d 832 (5th Cir. 1990). If Mr. Pabon, or any other witness, were permitted to testify about EEO complaints against the Army, Defendant would offer evidence rebutting those claims, which would lead to a series of time consuming mini-trials. The Court should avoid this situation by granting the instant motion in limine.

2. **Complaints to the Office of the Inspector General**

Defendant requests that the Court order all parties, attorneys, and witnesses to refrain from any argument or testimony regarding the Plaintiff's complaints to the Office of the

Inspector General (IG) because it is irrelevant to Plaintiff's claims, would confuse the jury, and would subject Defendant to unfair prejudice.  Plaintiff has repeatedly testified during the discovery portion of this case that he was retaliated against because he filed complaints with the IG. *See* Plaintiff's Deposition, Summary Judgment Exhibit B, Junaid Deposition at 8:25-12:7 (testifying that his retaliation claim is based upon his complaints to the IG and that he intends to testify about the substance of his IG complaints). However, Plaintiff's complaints to the IG are irrelevant to the case before the jury.

      Plaintiff's claims in this case are for discrimination and retaliation under Title VII. *See* Joint Pretrial Order at ¶ 5. Complaints to the IG are not "protected activity" for Title VII purposes because Title VII only applies to complaints concerning discrimination because of race, sex, national origin, religion, or color. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001); *Woodworth v. Shinseki*, 447 Fed. Appx. 255, 257 n.2 (2d Cir.2011) (noting that "to the extent [plaintiff] claims it was his complaint to the IG, rather than to the EEO, that caused [a reprimand], Title VII does not provide a remedy"). Hence, any testimony concerning the IG complaints should be excluded because it has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

      In addition to its irrelevance, informing the jury of the details of Plaintiff's IG complaints would create a substantial risk of confusion and unfair prejudice.  First, if the Court permits Plaintiff to describe his irrelevant IG complaints, Plaintiff would then have a forum to impugn the character of Defendant's witnesses. Junaid Depo. at 9:15-16 (testifying that, based on his IG complaints concerning Defendant's witnesses, he is "going to expose every single one of them in the court"). This irrelevant testimony would be highly prejudicial to Defendant. Second, in

3

response, Defendant would be forced to rebut the allegations, which would lead to a series of mini-trials on the IG complaints including the possibility of testimony by the Army's Inspector General concerning the merits of the allegations. The jury will likely be confused about whether they could find Defendant liable and award damages for any alleged retaliation flowing from Plaintiff's IG complaints.  This is precisely the type of evidence that Rule 403 prohibits.

For the foregoing reasons, Defendant asks that the Court grant this motion in limine and enter the attached Order.

DATED: July 19, 2012.

                Respectfully Submitted,

                KENNETH MAGIDSON
                UNITED STATES ATTORNEY
                *s/Jimmy A. Rodriguez*
                JIMMY A. RODRIGUEZ
                Assistant United States Attorney
                Southern District of Texas
                Texas Bar No. 24037378
                Federal ID No. 572175
                919 Milam, Suite 1500
                P.O. Box 61129
                Houston, Texas 77208
                Tel: (713) 567-9532
                Fax: (713) 718-3303
                Attorney-in-Charge for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel via the District's ECF system on July 19, 2012:

                *s/ Jimmy A. Rodriguez*
                JIMMY A. RODRIGUEZ
                Assistant United States Attorney