IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MURPHY A. JUNAID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-226 |
| | § | |
| JOHN MCHUGH, Secretary, | § | |
| Department of the Army, | § | |
| | § | |
| Defendant. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

**Burden of Proof**

In this case, Plaintiff must prove every essential part of his claim by a preponderance of the evidence, and you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence simply means the amount of evidence that persuades you that Plaintiff's claim is more likely true than not true.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant as to that claim.

**Evidence and Witnesses**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence

tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Discrimination**

1. Plaintiff claims he was discriminated against because of his race/color and national origin in violation of Title VII of the Civil Rights Act of 1964.

2. Defendant denies Plaintiff's claims and contends that its employment decisions were based on legitimate, non-discriminatory reasons, including Plaintiff's disruptive workplace behavior and the superior qualifications of the other applicants for the IED Chief position.

3. It is unlawful for an employer to discriminate against an employee because of the employee's race/color or national origin.

4. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant did not select him for the IED Chief position, subjected him to disciplinary action, and/or terminated him because of Plaintiff's race/color or national origin.

5. Plaintiff does not have to prove that unlawful discrimination was the only reason for Defendant's adverse employment actions.

6. If you disbelieve the reasons Defendant has given for the adverse employment actions, you may infer that Defendant did not select Plaintiff for the IED Chief position, subjected him to disciplinary action, and/or terminated him because of Plaintiff's race/color or national origin.

**Retaliation**

1. Plaintiff claims he was retaliated against for engaging in activity protected by Title VII of the Civil Rights Act of 1964.

2. Defendant denies Plaintiff's claims and contends that any adverse employment actions against Plaintiff were based on legitimate, non-retaliatory reasons.

3. It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

4. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse employment action against him because he engaged in protected activity.

5. Protected activity includes opposing an employment practice that is unlawful under Title VII, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing

under Title VII. If the claim is for opposing an employment practice, Plaintiff must prove that he had at least a reasonable belief that the practice was unlawful under Title VII.

6. "Adverse employment action" is not confined to acts or harms that occur at the workplace. It covers those (and only those) employer actions that could well dissuade a reasonable worker from making or supporting a charge of discrimination.

7. Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant disciplined and terminated Plaintiff.

8. If you disbelieve the non-retaliatory reasons Defendant has given for its decision, you may infer that Defendant disciplined and terminated Plaintiff because he engaged in protected activity.

**Consider Damages Only If Necessary**

If Plaintiff has proven his claim against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you

decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

**Damages**

1. If you found that Defendant violated Title VII, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

2. Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

3. You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits, and (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

4. Back pay and benefits include the amount of money the evidence shows Plaintiff would have earned had he remained an employee of Defendant, including fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits,

if any, Defendant proves by a preponderance of the evidence, Plaintiff received in the interim.

5. Defendant asserts that Plaintiff failed to mitigate his damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

6. "Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

7. There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

**Instructions on Your Deliberations**

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your sole interest is to determine whether the plaintiff has proven his case by a preponderance of the evidence.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A governmental entity and all other persons are equal before the law and must be treated as equals in a court of justice.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, your notes, and any exhibits which the Court has admitted

into evidence. Remember that any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Before beginning your deliberations, you should select a foreperson. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

        **SIGNED** this 16th day of August 2012.

        _____
        **NELVA GONZALES RAMOS**
        **UNITED STATES DISTRICT JUDGE**