IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MURPHY A. JUNAID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00226 |
| | § | |
| JOHN McHUGH, Secretary, | § | |
| Department of the Army, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON PLAINTIFF'S MOTION FOR FRONT PAY

Before the Court is Plaintiff's Motion for Front Pay. (D.E. 70.) On August 16, 2012, a jury found that Defendant had discriminated against Plaintiff based upon his race/color or national origin and taken an adverse employment action against Plaintiff because he engaged in protected activity. (D.E. 57.) The jury awarded Plaintiff $150,000 in back pay and benefits and $500,000[1] damages for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff requests, in addition to the damages awarded by the jury, that the Court exercise its equitable power and award him sixteen years of front pay to compensate him for his future lost earnings. For the reasons set forth below, Plaintiff's Motion for Front Pay (D.E. 70) is GRANTED IN PART and DENIED IN PART. The Court awards Plaintiff four years of front pay.

---

[1] The jury's award of $500,000 is subject to a statutory cap under 42 U.S.C. § 1981a(b)(3)(D). Accordingly, the jury's award is reduced to $300,000, the limit for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in a Title VII lawsuit where the defendant employs more than 500 persons.

## REINSTATEMENT

The Court held a hearing on November 13, 2012 to discuss entry of judgment in this case. The Court heard argument with regard to the issue of reinstatement versus front pay. Reinstatement is a preferable remedy to front pay; however, where reinstatement is not feasible, the Court may consider front pay as an alternative. *Julian v. City of Houston*, 314 F.3d 721, 728 (5th Cir. 2008); *Deloach v. Del Champs, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990). Reinstatement is not feasible in this case due to the high level of antagonism between the parties, the circumstances surrounding Plaintiff's termination, Plaintiff's actions following his termination, the present litigation, and the fact that Plaintiff's prior position, as well as the supervisor position for which he had applied, have been filled. *See, e.g.*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001) ("In cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers . . . , courts have ordered front pay as a substitute for reinstatement."); *Persons v. Jack in the Box, Inc.*, Civ. A. No. H-03-4501, 2006 WL 846356, at *2 (S.D. Tex. Mar. 31, 2006) (noting "significant hostility and discord between the parties" as one of the reasons reinstatement was not feasible); *File v. Hastings Entertainment, Inc.*, Civ. A. No. 2:02-CV-0213J, 2003 WL 21436175, at *2 (N.D. Tex. June 18, 2003) (finding that reinstatement not feasible due to hostility between parties); *Griener v. Allstate Ins. Co.*, Civ. A. No. 82-4676, 1987 WL 16454, at *2 (E.D. La. Aug. 4, 1987).

## FRONT PAY

In calculating an appropriate award of front pay, the Court must engage in "intelligent guesswork" due to the fact such damages are awarded prospectively. *Sellers v. Delgado College*, 781 F.2d 503, 505 (5th Cir. 1986) ("we recognize its speculative character by according wide latitude in its determination to the district courts"). The Fifth Circuit has set forth several non-

exclusive factors that the Court may consider in making this determination, including the length of Plaintiff's employment with Defendant, the permanency of the position Plaintiff held, the nature of Plaintiff's work, Plaintiff's age and physical condition, the possibility of the consolidation of jobs, and any other non-discriminatory factors that could have impacted the employment relationship. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991). The Court must be careful to avoid its award becoming a windfall to Plaintiff, as front pay constitutes a form of compensatory damages and is not intended to be punitive. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 491 (5th Cir. 2007). Furthermore, the Court must consider whether Plaintiff diligently sought other employment. Plaintiff has a duty to mitigate his damages, and earnings from alternative employment must be subtracted from any award of front pay. *See Reneau*, 945 F.2d at 870.

Applying the above factors, the Court concludes that sixteen years of front pay is unduly speculative and unreasonable given the evidence before the Court. *See Peyton v. DiMario*, 287 F.3d 1121, (D.C. Cir. 2002) (vacating lifetime award of front pay where there was a lack of evidence to support such a speculative conclusion); *Gotthardt v. National RR Passenger Corp.*, 191 F.3d 1148, 1157 (9th Cir. 1999) ("front pay is intended to be temporary in nature"); *McKnight v. GM*, 973 F.2d 1366, 1372 (7th Cir. 1992) ("The longer a proposed front pay period, the more speculative the damages become."). Notwithstanding, given Plaintiff's age (fifty-eight), his proximity to retirement, and the disruptiveness of his termination on his career, the Court finds that Plaintiff is entitled to some reasonable amount of front pay to compensate him for his lost future earnings.

Plaintiff was employed with Defendant at the Corpus Christi Army Depot (CCAD) for nine years and four months. While this is a shorter period than in other cases where courts have

awarded substantial front pay, *see, e.g.*, *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176 (2d Cir. 1992) (26 years); *Cummings v. Standard Register Co.*, 265 F.3d 56 (1st Cir. 2001) (17 years), it nevertheless constitutes an extended period of employment and demonstrates the relative security of the position and likelihood that Plaintiff would remain in that position for several more years, likely until retirement. Defendant acknowledges that the federal government has traditionally provided good job security to its civilian workforce. (D.E. 74 at 8.) However, it would be improper for the Court to over-generalize about the security of employment with the federal government. Plaintiff failed to present any evidence with regard to the general security of Department of Army jobs in relation to other employers or Plaintiff's former position in particular. Defendant cites to government documents indicating increased budgetary pressures on the Department of Defense (DOD) and future downsizing plans. (D.E. 74 at 8.) Defendant presented no direct evidence that Plaintiff's former position, the supervisory position for which he had applied, or other similar positions with the DOD are subject to downsizing in the immediate future; yet, the budget issue does add to the uncertainty that the position would have remained open for the next sixteen years.

Plaintiff asserts that he planned to continue working at CCAD until he attained the age of seventy-three, which would have allowed him to obtain thirty years of federal government service and maximize his retirement annuity benefits. (D.E. 70 at 3–5.) A court cannot, however, base an award of front pay solely on a subjective statement of intent regarding retirement age. *See, e.g.*, *Peyton*, 287 F.3d at 1129; *Pierce*, 65 F.3d at 574. Given Plaintiff's age, fifty-eight, the Court finds that Defendant was more likely to stay at the Department of the Army until retirement than to seek out a major change late in his career. *See Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, (9th Cir. 1999) (considering age, fifty-nine, as one factor

affecting plaintiff's ability to find other work). The median and average retirement ages for workers at CCAD are sixty and sixty-one, respectively, far less than the seventy-three years Plaintiff asserts he planned on working. (D.E. 74-4.) And full retirement age for social security is sixty-five.

The Court must also consider whether Plaintiff was diligent in seeking other employment after his termination, as an award of front pay may be wholly denied or appropriately reduced where a plaintiff fails to take reasonable steps to mitigate his damages and find substantially equivalent employment. *See Vaughn v. Sabine County*, 104 Fed. App'x 980, 986 (5th Cir. 2004) ("a plaintiff must use reasonable diligence to find substantially equivalent employment to justify awarding front pay"); *Jackson v. Host Int'l, Inc.*, 426 Fed. App'x 215, 223 (5th Cir. 2011); *Reneau*, 945 F.2d at 870.

> [F]ront pay awards . . . must be reduced by the amount plaintiff could earn using reasonable mitigation efforts. . . . [T]he plaintiff's duty to mitigate must serve as a control on front pay damage awards. . . . Thus, front pay is intended to be temporary in nature. An award of front pay does not contemplate that a plaintiff will sit idly by and be compensated for doing nothing.

*Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987) (internal quotations and citations omitted).

Defendant argues that Plaintiff failed to use reasonable diligence to find substantially equivalent employment because he only sought out a limited number of jobs with the federal government, and therefore, any potential award of front pay by the Court must be denied or reduced. (D.E. 74 at 5–6.) Plaintiff asserts that he applied to more than twenty positions through the United States Office of Personnel Management's official website (www.usajobs.gov), and that he has been unable to find employment, as anyone hiring for a federal government job can access his official personnel records, which include the SF-50 Notification of Personnel Action issued when Plaintiff was terminated. (D.E. 70-1.) The SF-50 indicates that Plaintiff was

terminated for insubordination, discourtesy toward a supervisor, and making a false statement, which constituted his third offense. (*Id.*)

Plaintiff presented no evidence that he looked for a job in the private sector or with a governmental entity outside the federal government. Plaintiff argues that he was not required to seek out private-sector jobs because they are not equivalent. (D.E. 70.) In support of this assertion, Plaintiff cites to a report by the Congressional Budget Office comparing compensation in the federal government with the private sector. (D.E. 70-3, 74-2.) The study indicates that, on average, total compensation for federal employees is about thirty-six percent higher than their private-sector counterparts; however, the study also indicates that for persons with a professional degree, the average compensation for federal employees is approximately eighteen percent lower than their private-sector counterparts. (*Id.* at 2.) Accordingly, in terms of compensation and benefits, it appears that private sector jobs for engineers and other professionals should be considered substantially equivalent to federal jobs in the same field. Defendant produced evidence of some vacancies for private-sector engineers in Texas. (*See* D.E. 74-1.) Plaintiff made no effort to apply for any of these positions.

Plaintiff was not required to seek out and accept just any job. As a professional, Plaintiff was entitled to limit his search to substantially equivalent positions that shared such characteristics with his former position as salary, promotional opportunity, responsibilities, and status. *See Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) ("The reasonableness of a Title VII claimant's diligence 'should be evaluated in light of the individual characteristics of the claimant and the job market.' "); *Washington v. Davis*, Civ. A. No. 01-1863, 2002 WL 1798764, at *3 (E.D. La. Aug. 5, 2002). Plaintiff had the right to search for employment within his profession and with substantially similar terms; however, limiting his search to only federal

positions was not reasonable.  Notwithstanding this failure to mitigate, the Court also recognizes that Plaintiff's termination and the disruption to his career seriously impacts his future earnings potential.  Given this, the Court finds that four years of front pay is reasonable and not unduly speculative.

Plaintiff argues that, if awarded front pay, he is entitled to receive the salary of the supervisor position for which he had applied of $110,691 per year.  There is no guarantee that Plaintiff would have received this position but for the discrimination.  This request is denied.

Plaintiff additionally argues that, if awarded front pay, he is entitled to $58,240 per year in benefits.  This calculation is based on a Congressional Budget Office study for federal government employees with a master's degree.  There is no evidence of Plaintiff's actual benefits at the time of his termination.  Accordingly, Plaintiff's request for benefits is denied.

Plaintiff's Motion for Front Pay (D.E. 70) is GRANTED IN PART and DENIED IN PART.  The Court awards Plaintiff four years front pay at $82,570 per year, which equates to a lump sum of $330,280.  However, this award must be discounted to its present value as it represents future earnings.  This issue was not briefed by the parties.  The Court orders the parties to calculate the present value of the award and submit a joint brief or simultaneous briefs on this issue within one week from the date of this Order.

ORDERED this 28th day of January 2013.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**