IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MURPHY A. JUNAID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00226 |
| | § | |
| JOHN McHUGH, Secretary, | § | |
| Department of the Army, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. (D.E. 69.) Plaintiff requests a total of $72,121.33 in attorney's fees and costs, plus an additional $20,000 in contingent fees and costs for any post-judgment motions or appeals. (*Id*. at 8.) Defendant objects to this requested award on several grounds. (D.E. 73.) Defendant has no objection to the submitted bill of costs. (*Id*. at 10.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. The Court awards Plaintiff $48,325.00 in attorney's fees and $1,433.83 in costs. The Court denies Plaintiff's request for contingent fees and costs for post-judgment and appellate services at this time. Plaintiff may apply for such award if and when such fees and costs are incurred.

In any suit brought pursuant to Title VII of the Civil Rights Act, the Court, in its discretion, may award the prevailing party reasonable attorney's fees. 42 U.S.C. § 2000e-5(k). Under Fifth Circuit law, reasonable attorney's fees are calculated through a two-step process called the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). As a preliminary step, the district court must determine the reasonable number of hours

expended by the attorney and the reasonable hourly rate for the attorney. With this, the lodestar amount is calculated by multiplying the reasonable number of hours by the reasonable hourly rate. *Id.* at 324. The lodestar amount may then be adjusted up or down based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

Using this method, Plaintiff calculated a lodestar amount of $37,125.00. (D.E. 69 at 3.) To this amount, Plaintiff applied a lodestar factor of 1.5, calculating adjusted attorney's fees of $55,687.50. (*Id.*) Then, Plaintiff added $15,000.00 in attorney's fees for her time spent on the three administrative hearings, arriving at a total of $70,687.50 in attorney's fees for her work performed in this case. (*Id.*) Plaintiff argues that this amount constitutes the reasonable attorney's fees to which Plaintiff is entitled as the prevailing party. (D.E. 69.) Defendant argues the amount is unreasonable and presents numerous objections to Plaintiff's request. (D.E. 73.)

To begin, Defendant objects that Plaintiff improperly seeks to be compensated at her full hourly rate for 0.4 hours of clerical tasks and 12.0 hours of travel time. (D.E. 73 at 7–8.) Under Fifth Circuit precedent, purely clerical or secretarial tasks and travel time may not be billed at an attorney's full hourly rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Harris v. Fresenius Med. Care*, No. H-04-4807, 2007 WL 1341439, at *4–5 (S.D. Tex. May 4, 2007). Accordingly, in calculating the lodestar amount, the Court will reduce Plaintiff's 148.5 claimed billable hours by 12.4 and apply a lesser rate for these hours. Defendant does not dispute the reasonableness of an hourly rate of $250 for the legal work performed. (D.E. 73 at 7.) Compensation for the 12.4 hours of clerical tasks and travel time will be calculated at 50% of the normal hourly rate.

2

Next, Defendant argues that Plaintiff's request for $15,000 in attorney's fees for administrative proceedings that were block billed in $5,000 chunks is improper because there is no supporting documentation as to the number of hours actually worked or the type of work performed. (D.E. 73 at 5–6.) At a minimum, Defendant argues, the Court should reduce Plaintiff's requested award by 10–30%, which is typical in cases involving block billing. (*Id.*) Generally, it is not appropriate to deny all block-billed fees; instead, the district court should perform a percentage reduction or apply a lodestar factor. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *5 (N.D. Tex. Dec. 20, 2005) (collecting cases), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). In her Declaration, Plaintiff's counsel asserts that $5,000 represents approximately 20 hours of her time and that administrative hearings have increased in their complexity. (D.E. 69-1 at 4.) However, Plaintiff's counsel failed to provide an accounting of her time regarding each of the administrative hearings. Accordingly, the Court will apply a 15% reduction to her block-billed fees.

Based on the above analysis, the Court calculated a lodestar amount of $48,325.00:

```
136.1 hrs.  x  $250/hr.   =   $34,025.00  (Legal Work)
 12.4 hrs.  x  $125/hr.   =   $ 1,550.00  (Driving and Clerical Tasks)
$15,000     x  0.85       =   $12,750.00  (Administrative Hearings)

                              $48,325.00  (Lodestar Amount)
```

While there exists a strong presumption in favor of the lodestar amount, this number may be adjusted upward or downward based upon the district court's analysis of the twelve *Johnson* factors. *Saizan*, 448 F.3d at 800. These factors are (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the

amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

Plaintiff requests that the Court apply a lodestar factor of 1.5. (D.E. 69 at 3.) Plaintiff argues an upward adjustment is justified in the case at hand because the hours billed were less than the number of hours actually worked; Title VII cases, in general, are undesirable, difficult to prosecute, and impose specific time limitations on the attorney; the results obtained in this case; counsel's inability to work on other cases during the pendency of this litigation; the customary fee charged for similar work; and Plaintiff's counsel is well-recognized in this area of the law. (D.E. 69.) Defendant argues that this is not the type of rare and exceptional case that justifies a lodestar enhancement. (D.E. 73 at 8–10.) The Court agrees.

There is nothing in this case that presented a particularly novel or difficult legal issue requiring Plaintiff's counsel to expend substantial hours of research and investigation not billed to the client. Plaintiff asserts that bills were discounted to make them more affordable, but Plaintiff does not indicate the degree to which this discounting occurred or the methodology used. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) ("[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement."). The Court must consider whether the lodestar amount accurately represents the time and labor required to represent the client. The Court finds that it does.

Plaintiff argues that representing Title VII plaintiffs against governmental entities is undesirable because it is difficult to compete against a party with unlimited resources and that is

4

less motivated to settle cases. (D.E. 69 at 7.) This is the area of the law in which Plaintiff's counsel chose to specialize, and there is no evidence of any specific factors that made this case undesirable to an attorney working in her chosen field.

Plaintiff asserts that trial preparation limited counsel's available time on other cases and resulted in a backlog of work post-trial. (*Id*. at 4–5.) Yet, there is no indication that the case precluded Plaintiff's counsel or her law firm from accepting other employment. Plaintiff's counsel was required to engage in a balancing of her workload in order to effectively prepare for trial, but this is typical of any busy trial attorney.

Plaintiff complains that counsel's $250 fee is below the customary rate charged by experienced attorneys in federal sector employment cases, and that a rate of $350 per hour for non-trial work and $400 per hour for trial work would be more reasonable. (*Id*. at 5–6.) In similar cases in which Plaintiff's counsel was involved, other federal district courts found that $200 per hour was a reasonable hourly rate. *See Barney v. Hill Country Shooting Sports Center, Inc.*, No. 5:11-cv-00268-HLH, D.E. 29 at 2 (W.D. Tex. Apr. 23, 2012); *Hale v. Napolitano*, No. 5:08-cv-00106, D.E. 92 at 6 (W.D. Tex. Nov. 23, 2009). Plaintiff's counsel recently raised her rate to $250 per hour. The Court finds that $250 per hour is within the range of customary fees charged by someone with similar experience in this type of case.

Finally, the Court considers the results obtained. Plaintiff argues that the results obtained in this matter reflect her skill and experience in this area of the law and warrant the imposition of a lodestar factor of 1.5. (D.E. 69 at 4.) The Court finds that Plaintiff's counsel was skilled in this area of the law and well-prepared for trial, that she effectively represented her client in this matter, and that she obtained a substantial award of damages. However, Plaintiff's counsel is not entitled to the application of a lodestar factor merely because she obtained a substantial award

for her client.  A fee award need not be proportional to the plaintiff's recovery, only reasonable in light of all the factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 330 n. 23 (5th Cir. 1995).  The Court finds that the lodestar amount represents a reasonable award of attorney's fees in the case at hand.

Plaintiff's Motion for Attorney's Fees and Costs (D.E. 69) is GRANTED IN PART and DENIED IN PART.  Plaintiff's request for the application of a lodestar factor is denied.  The Court awards Plaintiff $48,325.00 in attorney's fees and $1,433.83 in costs.  The Court denies Plaintiff's request for contingent fees and costs for post-judgment and appellate services at this time.  Plaintiff may apply for such award if and when such fees and costs are incurred.

ORDERED this 28th day of January 2013.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**